IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EUGUENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR,<br><br>   Plaintiff,<br><br>v.<br><br>KANSAS STEAKS, L.L.C.<br>d/b/a Golden Corral,<br><br>   Defendant. | CIVIL ACTION FILE<br>NO.  20-cv-1139 |

## **COMPLAINT**

Plaintiff brings this action to enjoin Defendant from violating the provisions of sections 15(a)(2) and 15(a)(5), of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing for Defendant's employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this district and because the Defendant resides in the District of Kansas and by virtue of transacting business in the District of Kansas.

II

Defendant Kansas Steaks, L.L.C. is a limited liability company organized in the State of Kansas, with its principal place of business located at 11006 East Kellogg Drive, Wichita,

Kansas, within the jurisdiction of this Court. At all relevant times, Defendant Kansas Steaks, L.L.C. has operated one or more restaurants doing business as Golden Corral.

III

The activities of Defendant referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least September 7, 2017, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Since at least September 7, 2017, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

V

Defendant has violated and is violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay to certain employees for their employment, in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour.

VI

Defendant, an employer subject to the provisions of the Act, has violated and is violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an

enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since at least September 7, 2017, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VII

Defendant, an employer subject to the provisions of the Act, has violated and is violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since at least September 7, 2017, Defendant has failed to make, keep, and preserve adequate and accurate records of Defendant's employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendant, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act, in that the records kept by Defendant failed to accurately record, among other things, the total working hours for each work day and each workweek and total premium pay for overtime hours, with respect to certain of Defendant's employees.

VIII

Defendant has repeatedly and willfully violated and continues to violate the aforesaid provisions of the Act as alleged in paragraphs V-VII.  A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid minimum wages and overtime compensation due Defendant's employees, is specifically authorized by Section 17 of the Act.

IX

As a result of the violations alleged in paragraphs V-VIII above, Defendant has unlawfully withheld and continues to withhold unpaid minimum wage and overtime

compensation from certain employees. These back wages are owed to present and former employees, including those persons specifically named in Appendix A, attached hereto, for the period from September 7, 2017 through September 4, 2019. A judgment granting recovery of back wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment pursuant to section 17 of the Act, permanently enjoining and restraining Defendant, Defendant's officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receive actual notice thereof, from violating the provisions of Sections 15(a)(2) and 15(a)(5), of the Act including the restraint of any withholding of payment of unpaid compensation found by the Court to be due to Defendant's employees,

Plaintiff further demands judgment, pursuant to section 16(c) of the Act, against Defendant for unpaid minimum wages and overtime compensation found by the Court to be due for Defendant's present and former employees, and for an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid amounts from the date said unpaid amounts became due, until date of judgment.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendant be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violations alleged in paragraphs V-VIII hereof.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

s/Dana M. Hague
Dana M. Hague
KS Bar #21572
Senior Trial Attorney

2300 Main Street, Suite 1020
Kansas City, MO  64108
(816) 285-7262
(816) 285-7287 (fax)
Hague.dana.m@dol.gov

U.S. Department of Labor
Attorneys for Plaintiff