# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EUGENE SCALIA, ) <br> SECRETARY OF LABOR, ) <br> UNITED STATES DEPARTMENT ) <br> OF LABOR, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> KANSAS STEAKS, L.L.C. ) <br> d/b/a Golden Corral, ) <br>   ) <br> Defendant. ) | CIVIL ACTION FILE <br> NO. 20-cv-1139 |

## CONSENT JUDGMENT

Plaintiff having filed his complaint, and Defendant having agreed to the entry of this judgment without contest;

It is, therefore, upon motion of counsel for the Plaintiff, and for cause shown:

ORDERED, ADJUDGED, and DECREED that Defendant, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of §§ l5(a)(2) and l5(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), hereinafter called the Act, in any of the following manners:

1. Defendant shall not, contrary to sections 6 and 15(a)(2) of the Act, fail to pay to their employees employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 an hour, or any rate subsequently made applicable by amendment to the Act.

2. Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees in their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendant shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act (29 C.F.R. § 516). Defendant shall make such records available at all reasonable times to representatives of the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, an employee to return or to offer to return to the Defendant or to someone else for the Defendant, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendant under the provisions of this judgment or the Act; nor shall Defendant or any one acting on their behalf retaliate against any employee recovering back wages under this Judgment by paying said employee at an hourly rate that is less

than the regular hourly rate presently paid to such employee or that is presently set or established by Defendant for the job titles or duties such employee is performing or will be assigned to perform.  Defendant will not raise an employee's immigration status as a defense to the payment of the back wages in any suit alleging such retaliation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is hereby restrained from continuing to withhold unpaid overtime compensation due the employees named in the Appendix A attached hereto in the amounts set forth opposite their names.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff shall recover from Defendant the sum of $48,877.70 in unpaid minimum wages compensation, overtime compensation and liquidated damages for the employees listed in Appendix A attached hereto. The Department of Labor will distribute such sums received to the individuals named in Appendix A, attached hereto and made a part hereof.

Defendant remains responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

Any sums not distributed within a period of three years from the date of this judgment because of inability to locate the proper persons or because of such person's refusal to accept the sum[s] sought to be distributed shall be deposited into the Treasury of the United States. Upon receipt of full payment from Defendant, Plaintiff's counsel shall file with the Court a certificate of payment.

IT IS FURTHER ORDERED that Each party shall bear his or its own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the judgment.

Dated this 3rd day of February 2021.

                                              */s/ Holly L. Teeter*
United States District Judge
District of Kansas

Entry of this judgment is hereby consented to:

FOR DEFENDANT:


By: s/ Byron Henry\_\_\_\_\_
Byron Henry, *admitted pro hoc vice*
Attorney for Defendant
Kansas Steaks, L.L.C.


FOR PLAINTIFF:

Stanley E. Keen
Deputy Solicitor for National Operations

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor


 s/ Dana M. Hague\_\_\_
Dana M. Hague
Senior Trial Attorney
KS Bar #21572


s/ Elaine M. Smith\_\_\_
Elaine M. Smith

Trial Attorney
Mo Bar # 69352
*Admitted pro hac vice*


2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7262
(816) 285-7287 (fax)
Smith.elaine.m@dol.gov


Attorneys for Plaintiff

5

APPENDIX A

| Employee Name | Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| Alvarez, Petronia | $ 52.25 | $ 5.81 | $ 58.06 |
| Avitia, Rosalba | $ 6,835.08 | $ 759.44 | $ 7,594.52 |
| Calderon, Lesli | $ 1,174.16 | $ 130.46 | $ 1,304.62 |
| Castañeda-Rodriguez, Ana | $ 2,583.53 | $ 287.06 | $ 2,870.59 |
| Daniels, Andre | $ 6,364.31 | $ 707.14 | $ 7,071.45 |
| Duffy, Stephen | $ 1,196.07 | $ 132.90 | $ 1,328.97 |
| Duree, Mary | $ 1,292.71 | $ 143.63 | $ 1,436.34 |
| Garcia, Leticia | $ 272.91 | $ 30.32 | $ 303.23 |
| Gatica, Dominga | $ 6,110.24 | $ 678.91 | $ 6,789.15 |
| Hernandez, Juana | $ 688.26 | $ 76.47 | $ 764.73 |
| Martinez, Mariana | $ 73.85 | $ 8.21 | $ 82.06 |
| McCullough, Sandra | $ 5,977.94 | $ 664.22 | $ 6,642.16 |
| Muldrew, Narina | $ 21.20 | $ 2.36 | $ 23.56 |
| Ortiz, Eduardo | $ 1,143.32 | $ 127.04 | $ 1,270.36 |
| Rodriguez-Pena, Vanessa | $ 176.38 | $ 19.60 | $ 195.98 |
| Salazar, Maria | $ 779.06 | $ 86.56 | $ 865.62 |
| Tabora, Sandi | $ 207.23 | $ 23.03 | $ 230.26 |
| Torres De Gonzalez, Irma | $ 99.67 | $ 11.07 | $ 110.74 |
| Trevizo, Cristell | $ 59.41 | $ 6.60 | $ 66.01 |
| Vasquez-Lopez, Adan | $ 335.47 | $ 37.27 | $ 372.74 |
| Yaheyis, Azeb | $ 8,546.90 | $ 949.65 | $ 9,496.55 |